IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| T.A., <br><br> Petitioner, <br><br> vs. <br><br> LEONARD ODDO, *in His Official Capacity as Warden of Moshannon Valley Processing Center, et al.*, <br><br> Respondents. | 3:25-CV-00425-SLH <br><br> STEPHANIE L. HAINES <br> UNITED STATES DISTRICT JUDGE |

## **MEMORANDUM ORDER**

Now pending before the Court is Petitioner T.A.'s ("Petitioner") "Application for an Order to Show Cause and Preliminary Injunction and/or Temporary Restraining Order" (ECF No. 4) and Brief in Support. (ECF No. 5). Petitioner states that he is a Jamaican citizen who has a final order of removal to Jamaica. (ECF No. 1 at 1–3). However, an Immigration Judge has granted him withholding of removal to that country. (*Id.*). Further, T.A. represents that his "removal order and accompanying relief grant became final on June 22, 2025," and he is currently detained at Moshannon Valley Processing Center ("MVPC"). (*Id.* at 2–3). According to T.A., his detention violates his constitutional rights and ICE's policy, and it places him in imminent danger due to "his experience of severe depression to the point of suicidality[.]" (ECF No. 5 at 2). T.A. therefore seeks an order from this Court: (1) requiring Respondents to release him and enjoining Respondents from detaining him during the pendency of this litigation; (2) directing Petitioner released pursuant to the Court's inherent power; (3) ordering Respondents to show cause why Petitioner's Petition should not be expeditiously granted; (4) requiring Respondents to provide Petitioner's counsel notice in the event they claim that they will imminently remove him to a third

1

country; and (5) providing Petitioner any other relief that the Court deems just and proper. (*Id.* at 17). Respondents have yet to respond to Petitioner's claims and requests.

Upon consideration of Petitioner's filings at ECF Nos. 4 and 5, the Court finds that each piece of relief (with the exception of an order to show cause) that Petitioner seeks therein is affirmative relief that is not the proper subject of an *ex parte* temporary restraining order—the Court may only potentially afford such relief if it first gives Respondents notice and an opportunity to respond. *Hope v. Warden York County Prison*, 956 F.3d 156 (3d Cir. 2020) (*Hope I*); *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020) (*Hope II*).[1] Therefore, the Court DENIES Petitioner's Motion at ECF No. 4 insofar as he seeks a Temporary Restraining Order.[2] Because Petitioner is seeking a Preliminary Injunction, the Court will set an appropriate briefing schedule.

Accordingly, the Court enters the following Order:

---

[1] The Court briefly explains its point on this score. In *Hope I*, the Third Circuit explained that a TRO is generally not appealable, while a preliminary injunction is. *Hope I*, 956 F.3d at 159–60. The Third Circuit further stated that when a "*purported* TRO goes beyond preservation of the status quo and mandates affirmative relief, the order may be immediately appealable[.]" *Id.* at 160–62 (emphasis added) (ultimately finding that purported TROs, which the district court issued without affording the Government an opportunity to be heard, and which granted affirmative relief in the form of release of twenty immigration detainees on their own recognizance, were immediately appealable). In other words, in *Hope I*, the Third Circuit implicitly held that orders granting affirmative relief (such as the release of alien detainees on their own recognizance) were preliminary injunctions, not TROs.

That fact is important because, in *Hope II*, the Third Circuit explained that a court "may not … issue an *ex parte* preliminary injunction." *Hope II*, 972 F.3d at 320. Accordingly, based on *Hope I and II*, working together, this Court finds that it cannot issue an *ex parte* order granting affirmative relief. Such relief may only come after the Court has afforded the opposing party notice and an opportunity to be heard. *Hope I*, 956 F.3d at 160 (noting that our "entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute") (cleaned up).

[2] Even assuming that the Court could issue an *ex parte* Temporary Restraining Order requiring Respondents to provide Petitioner with three days' notice in the event they intend to remove him from the country, Petitioner himself states that "Respondents have made no indication that third country removal will take place[.]" (ECF No. 5 at 17 n.1). Therefore, even if it were appropriate for the Court to require notice to Petitioner via a Temporary Restraining Order, Petitioner would have failed to show a risk of imminent irreparable harm in the absence of such notice, meaning that the Court would be unable to grant him that relief at this time. *Hope II*, 972 F.3d at 319–20 (explaining that a petitioner must show that he or she is "likely to suffer irreparable injury without relief" in order to obtain a Temporary Restraining Order).

## ORDER OF COURT:

AND NOW, this 20th day of November, 2025, IT IS HEREBY ORDERED that, for the reasons set forth in the foregoing Memorandum Order, Petitioner's Motion at ECF No. 4 is DENIED insofar as he requests a Temporary Restraining Order. Petitioner's request for a Preliminary Injunction remains pending before the Court.

IT IS FURTHER ORDERED that Petitioner shall serve the filings at ECF Nos. 1, 4, and 5 upon Respondents as soon as possible.

IT IS FURTHER ORDERED that Respondents shall file and serve a written response to Petitioners' filings at ECF Nos. 4 and 5 no later than **4:30 PM on November 26, 2025**. Aside from any other arguments Respondents wish to make, they shall specifically address:

    A.    The status of Petitioner's immigration case;

    B.    Whether jurisdiction exists in this Court under 28 U.S.C. § 1331, 28 U.S.C. § 2241, or other relevant authority; and

    C.    Whether Petitioner is entitled to immediate release and/or the other forms of relief he is seeking at this time.

Petitioner may, but is not required to, file and serve a Reply to any response submitted by Respondents by **4:30 PM on December 1, 2025**. The Court will schedule a hearing on the relevant filings as necessary following receipt of Respondents' response.

BY THE COURT:

*/s/ Stephanie L. Haines*
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE