IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| T.A., )<br><br>　　　Petitioner, )<br><br>vs. )<br><br>LEONARD ODDO, *in His Official Capacity* )<br>*as Warden of Moshannon Valley Processing* )<br>*Center, et al.*, )<br><br>　　　Respondents. ) | Case No. 3:25-CV-00425-SLH<br>STEPHANIE L. HAINES<br>UNITED STATES DISTRICT JUDGE |

## **MEMORANDUM ORDER**

**I.   Introduction**

Now pending before the Court is Petitioner T.A.'s ("Petitioner") "Emergency Application for Temporary Restraining Order and/or Preliminary Injunction to Enjoin Transfer" (ECF No. 11) and his Brief in Support of that Motion. (ECF No. 12). In his Motion at ECF No. 11, Petitioner represented that, as of the time of filing, he was located at Moshannon Valley Processing Center ("MVPC"). (ECF No. 11 at 1). In terms of relief, he seeks "a temporary restraining order or preliminary injunction [enjoining] Respondents from transferring [him] during the pendency of this petition." (*Id.*). For the following reasons, the Court finds that it lacks jurisdiction to afford Petitioner the relief that he seeks, and the Court therefore DENIES his Motion at ECF No. 11

**II.   Discussion**

The Court begins by noting that an alien detainee's request to enjoin his or her transfer when that detainee is in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*,

1

No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings … and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan,* 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006).

Therefore, the Court is poised to find that it lacks jurisdiction to enjoin Petitioner's transfer away from MVPC given the operation of § 1252(a)(2)(B)(ii) and related provisions of law. *See Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings… and therefore, to transfer aliens from one detention center to another.'") (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)).

However, before conclusively reaching that finding, the Court must address Petitioner's argument that the "All Writs Act and the Court's inherent equitable powers provide this Court ample authority to issue this modest relief to maintain the status quo." (ECF No. 12 at 6). This argument poses the question—does the All Writs Act supersede § 1252(a)(2)(B)(ii) and permit this Court to do what that section forbids? As the Third Circuit has explained, the answer to that question is no.

Indeed, § 1252(a)(2)(B) provides, in relevant part, "*[n]otwithstanding any other provision of law (statutory or nonstatutory)*, including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and *1651 of such title [the All Writs Act]* ... no court shall have jurisdiction to review—" (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security ..." § 1252(a)(2)(B)(ii) (emphasis added). As the Third Circuit has recognized in the context of § 1252(g), which contains identical language as § 1252(a)(2)(B)(ii) regarding the inapplicability of the All Writs Act, the All Writs Act does not operate to supersede this jurisdiction-stripping provision of the INA. *Barrios v. Att'y Gen. of U.S.*, 452 F. App'x 196, 198 (3d Cir. 2011). In *Barrios*, the Third Circuit explained that:

> Barrios's assertions to the contrary are belied by § 1252(g). Barrios purports that we are authorized to stay his removal under 28 U.S.C. § 1651 (the 'All Writs Act') pending a determination of his motion to reopen. Barrios reasons that, without such a stay, the government may have removed him from the United States, causing his motion to reopen to be withdrawn in accordance with 8 C.F.R. § 1003.2(d). This argument fails because § 1252(g) applies notwithstanding the All Writs Act. *See* 8 U.S.C. § 1252(g) (stating that the restrictions on jurisdiction apply 'notwithstanding any other provision of law (statutory or nonstatutory), including ... [28 U.S.C. § 1651]').

*Barrios*, 452 F. App'x at 198.[1]

Therefore, the Court finds that it lacks jurisdiction to grant Petitioner the relief that he seeks, and the Court thus DENIES his Motion at ECF No. 11.[2]

Accordingly, the Court enters the following Order:

### ORDER OF COURT:

AND NOW, this 25th day of November, 2025, IT IS HEREBY ORDERED that, for the reasons set forth in the foregoing Memorandum Order, Petitioner's Motion at ECF No. 11 is DENIED.

BY THE COURT:

/s/ Stephanie L. Haines
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

---

[1] The only binding case that Petitioner cites in support of using the All Writs Act in this context is a case involving the Alien Enemies Act, not the INA. (*See* ECF No. 12).

[2] The Court also notes that Petitioner has not cited a binding provision of law granting this Court equitable power to take action that Congress has clearly forbidden. (*See* ECF No. 12).